```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - -X

MARSHALL GREENBERG,
                              Plaintiff,

       - against -
                                             ORDER
BOVIS LEND LEASE, INC., et al.,
                                             CV 2010-0897 (JBW)(MDG)
                              Defendants.

- - - - - - - - - - - - - - - - - -X

This order concerns a subpoena served
on:
          JOSEPH LUCCHESE.

- - - - - - - - - - - - - - - - - -X
```

Michael O'Neill, counsel for plaintiffs, has moved by letter application dated February 20, 2011 to compel JOSEPH LUCCHESE (the "deponent") to comply with a subpoena requiring him to testify at a deposition. As set forth in Mr. O'Neill's letter, deponent requested to re-schedule the date of the deposition set forth in a subpoena served upon him. Counsel consented, and the deponent has failed to communicate with Mr. O'Neill to re-schedule the deposition.

Rule 45 of the Federal Rules of Civil Procedure provides that an attorney, as an officer of the court, may issue a subpoena on behalf of a court in which the attorney is authorized to practice, or for a court in a district in which a document production is compelled by the subpoena. Fed. R. Civ. P. 45(a)(3). Valid attorney-issued subpoenas under Rule 45(a)(3) operate as enforceable mandates of the court on whose behalf they are served. See, e.g., Advisory Committee Notes, 1991 Amendment to Fed. R. Civ. P. 45; Board of Govenors of Federal Reserve System v. Pharaon, 140 F.R.D. 634, 641-42 (S.D.N.Y. 1991).

Absent an improperly issued subpoena or an "adequate excuse" by the non-party, failure to comply with a subpoena made under Rule

45 may be deemed a contempt of the court from which the subpoena issued. Fed. R. Civ. P. 45(e). See also Daval Steel Products v. M/V Fakredine, 951 F.2d 1357, 1364 (2d Cir. 1991)  Indeed, the judicial power to hold a non-party who has failed to obey a valid subpoena in contempt is the primary mechanism by which a court can enforce a subpoena. See Practice Commentary to Rule 45(e), 28 U.S.C. ¶ C45-26.

## CONCLUSION

The deponent, JOSEPH LUCCHESE, is hereby ORDERED to comply with the subpoena or file objections. He must either (a) contact Mr. O'Neill by March 9, 2012 to arrange for a mutually convenient date for him to give testimony at a deposition to be held on or before March 21, 2012; or, (b) if Mr. Lucchese believes he has a valid ground for not complying with the subpoena, he must file his opposition with the Court by March 9, 2012. A hearing will be held on **March 19, 2012 at 10:00 a.m.** in Courtroom 11C at the United States Court House, 225 Cadman Plaza East, Brooklyn, New York. The deponent and plaintiff must attend.

JOSEPH LUCCHESE is warned that if he fails to comply with this order, he could be subject to contempt proceedings. If found in contempt of the subpoena or this order, he could be subject to sanctions, including imposition of a monetary fine, attorneys' fees and costs. If the failure to comply continues, the Court could issue a warrant of arrest for failure to comply with a court order.

**SO ORDERED.**

Dated:   Brooklyn, New York
         February 29, 2012

/s/_____
MARILYN D. GO
UNITED STATES MAGISTRATE JUDGE